WILLIAM HAINES, Admr.

*v.*

JOHN H. CEARLOCK *et al.*

*Opinion filed February 19, 1900.*

1. LUNATICS—*notice of inquest in lunacy must be given to the alleged lunatic.* Under section 4 of the act of 1893, concerning lunatics, (Laws of 1893, p. 141,) no inquest in lunacy can be had until the person alleged to be insane has been notified as the court directs.

2. APPEALS AND ERRORS—*when validity of statute is not involved on writ of error.* The failure of the court to give notice of an inquest in lunacy or to have a hearing does not raise the question of the validity of the act on lunatics, so as to give the Supreme Court jurisdiction of a writ of error, since the statute provides for such notice and hearing.

WRIT OF ERROR to the County Court of Fayette county; the Hon. GEORGE T. TURNER, Judge, presiding.

LANE & COOPER, for plaintiff in error.

S. A. PRATER, for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

John H. Cearlock, one of the defendants in error, filed in the county court of Fayette county a statement in writing, under oath, setting forth that his mother-in-law, Nancy M. Haines, was feeble-minded and unable to care for her property and effects, and that the truth of such allegations could be proved by W. B. Shelton, LaFayette Case, William Berry Harris and Gebe Matthews, and praying that a commission of two physicians should be appointed to determine the truth of his statement, and that a conservator should be appointed for said Nancy M. Haines. The court appointed Dr. G. R. VanVranken and Dr. W. B. Shelton a commission to examine said Nancy M. Haines and make a report, and they filed their report

finding her to be of unsound mind and recommending the appointment of a conservator. The court appointed J. J. Prater, the other defendant in error, conservator, and his bond was filed and approved and letters were issued to him.    Nancy M. Haines sued out the writ of error in this case to the county court to review said proceedings, and afterward died, November 22, 1899. Her son, William Haines, was appointed administrator and substituted as plaintiff in error.

The record contains no notice or summons to Nancy M. Haines, and shows no trial or inquest by the court as to whether or not she was of sound mind and capable of managing her own estate, or as to the truth of the allegations of the petition. So far as appears from the record the court merely appointed these two physicians to decide as to the truth of the petition, and upon their report that they found the statements of the petition to be true the judgment was entered.    The necessity of a notice to the party to be deprived of property or liberty in such a proceeding was declared in *Eddy* v. *People,* 15 Ill. 386. In that case, the court, speaking upon that subject, said: "If he be in fact a lunatic the notice would be undoubtedly useless; but that is the very question to be tried, and until a regular trial is had or inquest made the presumption is in favor of his sanity. The consequences resulting from the determination are of the most momentous character to the lunatic, both personally and pecuniarily, and so long as it is possible that a sane person might, upon an *ex parte* examination, be found to be insane, every principle of justice and right requires that he should have notice and be allowed to make manifest his sanity, and to refute or explain the evidence tending to prove the reverse.    The idea is too monstrous to be tolerated for a moment, that the legislature ever intended to establish a rule by which secret proceedings might be instituted against any member of the community, by any party who might be interested, to shut him up in a

184—7

madhouse, by which he might be divested of his property and his liberty without an opportunity of a struggle on his part. Should such a principle be sustained, the most sane man in the State is liable to be surprised at any moment by finding himself bereft of his property and on his way to a lunatic asylum. Such justice as this would be worthy of that dread tribunal the *holy vehme,* whose first notice to its victim was the execution of its sentence, but it cannot be tolerated where just and equal laws prevail and can be enforced. If the party be actually lunatic the notice can do no harm; but if he be sane it is of the most momentous importance to him, and, at any rate, it must be his legal right."

This being the law, it is alleged as a ground for suing out the writ of error from this court that the validity of the provisions of chapter 85 of our statutes, as revised and in force July 1, 1893, providing for an inquest in lunacy, is involved. If this statute made no provision for a notice and hearing, then the question of its validity would be fairly involved, but if it does make such provision, the failure of the court in this instance to give the notice and to have a hearing would not invalidate the statute or raise any question as to its validity. The failure of the court to perform its duty under the statute would not give this court jurisdiction. Regarding notice, the statute provides that in no case shall a hearing take place until the person alleged to have been insane shall be notified as the court shall direct. The character of notice is left to the sound discretion of the court, but the only question which could arise would be whether the notice given in a particular case was a reasonable or sufficient one, and this does not affect the validity of the statute. The statute also provides for an inquest in lunacy, which may be held in open court or in chambers or at the home of the person alleged to have been insane, at the discretion of the court, and the presence of the person charged to be insane is made indispensable, and no pro-

ceedings can be had in his absence. The statute provides that upon filing the statement, unless the person alleged to be insane shall be brought before the court without a writ, a writ shall be issued to bring him before the court at such time and place as the judge may appoint for the hearing and determining of the matter. If, however, an affidavit is filed stating such facts as render it manifestly improper that such person be brought before the court the inquest may take place elsewhere, in the discretion of the court, as provided by our statute. The statute further provides that inquests in lunacy shall be by jury, but when no jury is demanded and the circumstances of the case are such that there appears to the judge to be no occasion for the impaneling of a jury, or that a trial by jury would for any reason be inexpedient or improper, the judge may appoint a commission of two qualified physicians to make a personal examination, with power to administer oaths and take sworn testimony, and to make a report in writing, verified by affidavit. This commission may make an examination, administer oaths and take testimony, but they cannot exercise judicial power. The statute authorizes the inquest to be held at the residence of the alleged lunatic or in chambers, but there can be no hearing or inquisition in the absence of the judge. A court is a place where justice is administered judicially, and the person authorized to administer justice in a judicial capacity must be present. The statute contemplates a hearing, which necessitates the presence of the judge, and the presence of the patient is indispensable. The court may, if not satisfied with the finding of the jury or commission, set the same aside and dismiss the proceedings or order another inquest. If the judge approves the finding he may enter a proper order, and the judgment entered is the judgment of the court.

The failure of the court in this instance to give notice, or have a hearing if there was such failure, can have no effect upon the validity of the statute. The statute is

not at fault in any particular, and its validity is in no way involved in this controversy. The legislature have not undertaken to deprive any one of life, liberty or property without due process of law, and there is no question raised of the proper construction of that provision of the fundamental law.

There is no question of which this court has jurisdiction, and the writ of error is dismissed.

*Writ dismissed.*