GEORGE J. SAUTER *et al.*

*v.*

CARRIE ANDERSON.

*Opinion filed October 25, 1902—Rehearing denied December 3, 1902.*

1. APPEALS AND ERRORS—*when constitutional question is not involved on appeal.* If the trial court adopts the defendants' construction of a statute, the defendants, if defeated, cannot take a direct appeal to the Supreme Court upon the ground that had the trial court adopted the construction contended for by the plaintiff the statute would have been unconstitutional.

2. SAME—*Supreme Court has no jurisdiction of direct appeal where construction of statute is involved.* If the only question presented to the trial court is the proper construction of a statute, the Appellate Court, and not the Supreme Court, has jurisdiction of appeal.

APPEAL from the Circuit Court of Knox county; the Hon. G. W. THOMPSON, Judge, presiding.

COOKE & STEVENS, and GEORGE M. HOFFHEIMER, for appellants.

J. A. McKENZIE, and E. P. WILLIAMS, for appellee.

· Per CURIAM: This is an action on the case, brought by the appellee in the Knox circuit court, against the appellants, to recover damages for an injury to her means of support by reason of the death of her husband, whose death, it was alleged, was caused by a wound inflicted upon him by William Wilder while Wilder was in a state of intoxication, which intoxication was caused, in whole or in part, by intoxicating liquors sold or given to him by the appellants Sauter and Hoffheimer, and that the appellants Gardt and Nirdlinger leased to Sauter the premises wherein he sold or gave intoxicating liquors to Wilder, knowing said premises were to be used by Sauter as a place wherein intoxicating liquors were to be sold, under the first clause of section 9 of the Dram-shop act, (Hurd's Stat. 1895, chap. 43, p. 661,) which reads as follows: "Every husband, wife, child, parent, guardian, employer or other person, who shall be injured in person or property, or means of support, by any intoxicated person, * * * shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, * * * shall be liable, severally or jointly, with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained."

The declaration alleged that the appellants Sauter and Hoffheimer, who were each engaged in the saloon

business in the city of Galesburg, on the seventh day of October, 1897, sold and gave intoxicating liquors to said Wilder, by means whereof he became and was intoxicated, and while so intoxicated he unlawfully, wrongfully and violently stabbed and killed the husband of appellee, etc. The appellants pleaded the general issue. Upon a trial the jury returned a verdict in favor of the appellee for the sum of $3000, and the court, after overruling a motion for a new trial, rendered judgment thereon in favor of the appellee, and the appellants have brought the case, by appeal, direct to this court, on the ground that the constitutionality of a statute is involved.

The theory of the appellee in the trial court appears to have been that the statute above quoted gave her a cause of action against the appellants if the proof showed that the appellants Sauter and Hoffheimer sold to Wilder intoxicating liquors, from the use of which he became intoxicated, and while so intoxicated he inflicted an injury upon her husband from which he died, although such injury was not inflicted in consequence of such intoxication, and contended, in argument, that it was not necessary that the appellee aver or prove that the injury from which the husband of appellee died was inflicted upon him by Wilder in consequence of Wilder's intoxication. The appellants contended that before a recovery could rightfully be had against them, appellee must aver and prove that the injury inflicted upon her husband, which caused his death, was inflicted by Wilder in consequence of his intoxication caused by intoxicating liquors sold or given to him by the appellants, and that it was not sufficient to aver and prove that the appellants sold or gave to Wilder intoxicating liquors from the use of which he became intoxicated, and while so intoxicated he inflicted upon the husband of appellee the injury from which he died; that the appellee was bound to aver and prove, in addition to the sale of liquor to Wilder, his intoxication and the infliction by him of an injury upon

199—21

her husband while he was intoxicated, and that the injury inflicted upon the husband was inflicted upon him in consequence of the intoxication of Wilder. They further contend that to hold otherwise would be so to construe said statute as to make the same unconstitutional, and that therefore the constitutionality of said statute is involved, and that this court, by reason thereof, has jurisdiction of this appeal.

The trial court, from the record, appears to have taken the view of the statute contended for by the appellants, and to have held that it was necessary for the appellee, in order to recover, to prove that the injury inflicted upon the husband was inflicted in consequence of the intoxication of Wilder, and that no recovery could be had unless the jury should find, from the evidence, the injury to the husband was inflicted in consequence of Wilder's intoxication. The declaration averred that while Wilder was so intoxicated he unlawfully, wrongfully and violently stabbed and killed the husband of appellee. The sufficiency thereof was not challenged by demurrer. It at most could be said to be a defective statement of a cause of action, which was cured by verdict. In the first instruction given to the jury upon behalf of appellee the court stated to them that before they could find for the appellee they must find, from a preponderance of the evidence, that the husband of appellee was killed "by reason of such intoxication,"—that is, by reason of the intoxication of Wilder which had been caused by reason of intoxicating liquors sold to him or given to him by the appellants, or some one of them; and in the third instruction given to the jury on behalf of the appellants the court stated to them that before they could find a verdict against the appellants, or any of them, the preponderance of the evidence must show "that because of Wilder's intoxication the husband of the plaintiff lost his life as alleged, and would not so have lost his life had not William Wilder been intoxicated;" and in the fifth instruc-

tion of appellants the jury were instructed that if they believed, from the evidence, Wilder killed the husband of appellee willfully, wantonly and with a wicked and reckless disregard for human life, and that that willfulness and disregard for human life was not caused or set in motion or action by his intoxication, then they should find for defendants. It is clear, therefore, that the statute in question was given the construction by the trial court which the appellants contended for, and a construction which, according to the appellants' contention, would render it constitutional and valid. The appellants cannot raise a constitutional question, so as to give this court jurisdiction of an appeal, when no constitutional question is involved, by contending that had the trial court construed the statute in a manner different from what it did construe it, it would have been unconstitutional, and therefore void. The question raised in the court below upon the statute, or the clause thereof upon which the action sought to be reviewed herein was based, was the question of the proper construction of said statute, and not the question of its constitutionality, and the court having adopted the construction thereof contended for by the appellants, they cannot now complain that the court did not adopt a construction which, according to their contention, would have made it unconstitutional.

The Appellate Court, and not this court, is given original appellate jurisdiction to pass upon the construction of statutes, and as the only question presented to the trial court was the proper construction to be placed upon the clause of the statute in question, and not its constitutionality, the appeal should have been taken to the Appellate Court. (*Pearce* v. *Vittum*, 193 Ill. 192.) The appeal will therefore be dismissed.

*Appeal dismissed.*