(No. 23061.—

LILLIAN MARGUERITE SPENCER, Plaintiff in Error, *vs.* THE CHICAGO CITY RAILWAY COMPANY *et al.* Defendants in Error.

*Opinion filed April 16, 1937.*

CRAHEN, SULLIVAN, O'TOOLE & SULLIVAN, (ROBERT F. KOLB, of counsel,) for plaintiff in error.

BROWN, FOX & BLUMBERG, (FRANK L. KRIETE, and CHARLES LEROY BROWN, of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error sued out a writ of error to review the judgment of the Appellate Court for the First District entered January 28, 1921, reversing, without remanding, a judgment of the superior court of Cook county entered June 17, 1919, in the sum of $5000, in an action brought by plaintiff in error by her next friend, against the defendants in error for injuries received through having been struck by defendants in error's street car. The injury complained of occurred on May 2, 1918, at which time plaintiff in error was approximately three years of age. The original action was brought by her father, Richard Spencer, as next friend.

Under section 117 of the Practice act of 1907 (Smith-Hurd Stat. 1933, p. 2176,) the time in which a review by the Appellate Court or this court may be had was extended to include a period of two years after a minor against whom judgment was rendered reached his or her majority. In this case plaintiff in error attained her majority on May 3, 1933. This writ of error was sued out on April 9, 1935. Prior thereto, in 1929, a writ of error in cause No. 19765 was sued out of this court to review this judgment and was dismissed for failure to comply with the rules of court. On April 15, 1935, after the filing of the present writ of error, plaintiff in error filed her motion for leave to withdraw from the files of this court and re-file in this cause a transcript of the record filed as a return to the writ of error sued out in 1929. This motion was denied. Plaintiff in error also filed an abstract of the proceeding in the cause,

which defendants in error moved to strike. This motion was likewise denied. Defendants in error also filed an additional abstract of the record in the proceeding, including the record of the trial court, and have filed herein a motion to dismiss this writ of error for want of jurisdiction. This motion was taken with the case and presents for our consideration, as the first issue in the case, the question of jurisdiction of this court to hear the cause.

At the December, 1936, term, leave was granted to withdraw the record filed in this court in cause No. 19765, and to file the same in this proceeding. The cause therefore comes before us on the complete record and the motion of the defendants in error to dismiss the writ of error for want of jurisdiction.

Plaintiff in error's counsel say that a constitutional question is here involved and by it jurisdiction is conferred. The argument is, that by reason of the construction which the Appellate Court gave to section 120 of the Practice act of 1907 the act is unconstitutional. Thus by the judgment of that court there came into existence for the first time in the suit a constitutional question. It is conceded by defendants in error that if a constitutional question exists this court has jurisdiction of the cause even though the question first came into existence in the Appellate Court. Such is the rule in this State. (*Sixby* v. *Chicago City Railway Co.* 260 Ill. 478.) Defendants in error say, however, that no constitutional question concerning the validity of section 120 of the Practice act of 1907 exists, for the reason that this court in *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343, and by numerous decisions since, sustained the validity of that section. To this, plaintiff in error's counsel reply that the *Mirich case* was not decided until 1924 while the Appellate Court's judgment in the case before us was entered in 1921; that when that judgment was entered the question of the constitutionality of section 120 of the Practice act was debatable, and under section 11 of article 6 of

the constitution this court has jurisdiction to entertain this writ of error.

This question was definitely passed upon and settled by this court in *Segal* v. *Chicago City Railway Co.* 325 Ill. 43. In that case a judgment for personal injuries secured by a minor, through his next friend, was, on December 2, 1919, reversed without remanding, with the finding of fact that the defendant was not guilty of negligence. On September 4, 1925, a writ of error was sued out of this court to review the judgment of the Appellate Court on the ground, among others, that the Appellate Court in reversing the judgment without remanding, deprived the plaintiff of his right of trial by jury, deprived him of his property without due process of law and the judgment was void. A motion was filed in that case, as here, to dismiss the writ of error for want of jurisdiction, on the ground, among others, that this court in *Mirich* v. *Forschner Contracting Co. supra,* settled the question of the validity of section 120 of the Practice act of 1907 and that other cases had followed the *Mirich case.* It was said however: "When the Appellate Court reversed the judgment without remanding the cause, the constitutionality of this section was a debatable question, and the questions as to the validity of the statute and the construction of the constitution, having arisen for the first time in the case in the Appellate Court, plaintiff in error had the undoubted right at that time to have the judgment of the Appellate Court reviewed by this court upon a common law writ of error sued out from this court. [Citing cases.] The right to have this judgment reviewed upon a common law writ of error was a vested property right of which plaintiff in error could only be divested by a failure to sue out such writ within the time prescribed by law for so doing." The court also held that under section 117 the plaintiff there was not barred of his right to sue out a writ of error. That case is conclusive of defendants in error's motion here and the motion is denied.

124

In *Mirich* v. *Forschner Contracting Co. supra*, the constitutionality of section 120 of the Practice act was attacked. The question was then debatable, and this court took jurisdiction of the cause and held the statute constitutional. In *Sinopoli* v. *Chicago Railways Co.* 316 Ill. 609, the constitutionality of section 120 was again attacked on a different ground. This court, there reviewing the *Mirich case,* pointed out that section 120 authorized a reversal by the Appellate Court with a finding of fact in two classes of cases: (1) Where a jury trial had been waived; and (2) where the trial court, on a trial before a jury, would have been justified in directing a verdict for the defendant. Such was also the holding of this court in *Northern Trust Co.* v. *Chicago Railways Co.* 318 Ill. 402. That section has also been held valid in *Day* v. *Chicago and Northwestern Railway Co.* 354 Ill. 469, *Pollard* v. *Broadway Central Hotel Corp.* 353 id. 312, *Pralle* v. *Metropolitan Life Ins. Co.* 346 id. 58, *American Nat. Bank* v. *Woolard,* 342 id. 148, *Kinsey* v. *Zimmerman,* 329 id. 75, and *Collins* v. *Kurth,* 322 id. 250.

The question then comes on the claimed error of the Appellate Court in reversing the judgment, without remanding, and with a finding of fact. This court does not weigh the evidence, as disputed questions of fact are settled by the Appellate Court's judgment. We will, however, review the evidence to determine whether it was such that the trial court would have been justified in directing a verdict for the defendant. In so doing the test laid down is whether the plaintiff's evidence, with all reasonable intendments taken in its favor, tends to establish the plaintiff's case. If it does not, the Appellate Court was justified in reversing without remanding. If it does, it was error on the part of the Appellate Court to reverse the judgment without remanding the cause.

The undisputed facts in the case are that plaintiff in error, then a child three years of age, while crossing West-

ern avenue on North avenue, the former being a street running north and south and the latter east and west, was struck by a street car operated by employees of the defendants in error. The street car, when plaintiff in error started to cross Western avenue, was headed south and was standing at the north side of the crossing, and when she was directly in front of the car it was started and she was caught up by the fender and rolled from it to the east side of the car, her foot having fallen on the railway track was run over, resulting in injuries necessitating the amputation of the toes of one foot. The question presented on the trial and in the Appellate Court was whether the motorman had failed to exercise ordinary care in not discovering the child before starting the car. The evidence shows he was standing in the front vestibule which had three windows, one in front and one on either side. The front window was closed and the side windows were open. Witnesses who were on the pavement alongside Western avenue stated that they could see the motorman as far down as his waistline. It is not disputed that the car was at the edge of the crosswalk when it started up or that the child was crossing at the usual place for foot passengers. Whether the motorman could, with the exercise of reasonable care, have seen her, or whether such was impossible, was a question of fact bearing directly upon the negligence of the defendants. Such was a question for the jury and on a review of the evidence we are unable to say that plaintiff's evidence did not tend to show negligence on the part of the motorman. This being so, it was error on the part of the Appellate Court to reverse the judgment, without remanding. (*Mirich v. Forschner Contracting Co. supra.*) The judgment of the Appellate Court is therefore reversed and the cause remanded to that court with directions that it either affirm the judgment of the superior court or reverse it and remand the cause for a new trial.

*Reversed and remanded, with directions.*