(No. 28021.—

COMPASS SALES CORPORATION, Plaintiff in Error, *vs.* NA-TIONAL MINERAL COMPANY, Defendant in Error.

*Opinion filed November 22, 1944.*

JESS S. RABAN, (ERNEST C. RENIFF, and G. A. BURESH, of counsel,) all of Chicago, for plaintiff in error.

ADOLPH ALLEN RUBINSON, of Chicago, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Compass Sales Corporation, filed suit in the Cook county circuit court seeking to recover for the breach of an alleged oral contract under the terms of which it was to receive a stipulated fee of $5000. At

the close of all the evidence, defendant in error, National Mineral Company, defendant below, presented a written motion for a directed verdict, on which the court reserved ruling. The jury then returned a verdict in favor of the plaintiff in error, plaintiff below, for the sum of $1895.82. Neither party made a motion for a new trial nor in arrest of judgment. Plaintiff in error filed a motion for judgment for $5000 notwithstanding the verdict. That motion, filed October 18, 1940, was on December 9, 1940, overruled. On the latter date the court sustained defendant's motion for a directed verdict made at the close of all the evidence and entered judgment for defendant. From that judgment plaintiff in error appealed to the Appellate Court which affirmed the judgment of the circuit court. Plaintiff in error then sued out a writ of error from this court to review the judgment of the Appellate Court, alleging that a constitutional question as to the validity of section 68(3)a of the Civil Practice Act, (Ill. Rev. Stat. 1941, chap. 110, par. 192,) arose and became involved for the first time in the Appellate Court. Defendant in error has filed a motion to dismiss the writ on the ground that no constitutional question is involved, as the matter presented is merely a construction and not the validity of the act in controversy, and that the question presented did not arise for the first time in the Appellate Court. The motion was taken with the case.

If a constitutional question did arise in the Appellate Court for the first time, a writ of error lies as a matter of right under the constitution. (Corcoran v. City of Chicago, 373 Ill. 567; Goodrich v. Sprague, 376 Ill. 80; Spencer v. Chicago City Railway Co. 366 Ill. 120; Bagdonas v. Liberty Land & Investment Co. 309 Ill. 103.) But, where it is contended that if the court construes a statute in a certain way it renders the statute invalid, the question raised is one of the proper construction and not the question of its constitutionality. (Sauter v. Anderson,

199 Ill. 319.) It is also the law that, if the question arose in the trial court, any constitutional question involved was waived by appellant by prosecuting the appeal to the Appellate Court. (*People* v. *Terrill,* 362 Ill. 61.) In all cases in which its jurisdiction is invoked pursuant to law, except those wherein appeals or writs of error are specifically allowed by the constitution, the judgments of the Appellate Court are final, subject to the granting of a leave to appeal by the Appellate Court, with a certificate of importance, or by the discretionary allowance of an appeal by this court. Ill. Rev. Stat. 1941, chap. 110, par. 199, sec. 75.

The briefs filed by the respective parties in the Appellate Court are filed in this court. From them it appears that the main contention argued by appellant in that court, who is plaintiff in error here, was that the trial court was not authorized to direct the jury to find for the defendant because a written instruction was not presented to the court by the defendant with its motion for a directed verdict, and numerous cases were cited in support of that proposition. Appellee in the Appellate Court, defendant in error here, answered that argument, contending that appellant misconceived the nature, form and scope of a motion for a directed verdict under section 68(3)a of the Civil Practice Act. The arguments indulged in by both sides fully disclose that the question argued not only arose in the trial court but also that it involved a construction rather than the validity of said section of the Practice Act. The Appellate Court thoroughly considered the argument and decided in favor of appellee. On petition for rehearing, which the Appellate Court denied, appellant insisted that the court had overlooked or misapprehended that said section 68(3)a is unconstitutional insofar as it attempts or purports to establish a new *rule of practice,* in giving one litigant an advantage denied to the other. It is, therefore, obvious that (a) the question arose for the first time

in the trial court when the trial court entered judgment; (b) it was a question of practice; and (c) it depended upon the general rules of practice, previously announced by decided cases, and the construction to be given to section 68 of the Civil Practice Act.

We must assume that appellant on appeal to the Appellate Court did not depart from the theory of the case as tried in the trial court. If any constitutional question was involved it does not appear to have been decided by the trial court, and if it was argued and decided there it was waived by an appeal to the Appellate Court, which had complete jurisdiction to hear and determine the other questions presented on the merits.

In *Haines* v. *Cearlock,* 184 Ill. 96, the trial court misconstrued and failed to comply with certain provisions of the Lunacy Act relative to notice and the presence of the alleged lunatic at the hearing. This court emphatically held that notice to, and the presence of, the alleged lunatic at the hearing were absolutely essential, but dismissed a writ of error on the ground that the failure of the court to comply with the statute did not present a question as to the validity of the Lunacy Act.

Questions of practice may or may not be ground for the reversal of a judgment, but they do not raise any constitutional question of due process of law. The fact that the Appellate Court may have misconstrued the law and thereby committed an error for which the judgment should be reversed does not raise any question of due process of law or denial of equal protection of the laws, but merely involves a question whether the court erred in construing and applying the law. *People* v. *Jiras,* 340 Ill. 208.

Where it is contended, as in this case, that if the court construes a statute in a certain manner it would render it unconstitutional, the question is one of the proper construction of the statute and not the question of its validity. (*Sauter* v. *Anderson,* 199 Ill. 319.) In the reply brief

and argument plaintiff in error states: "It is true that in the Appellate Court the question involved was the construction of section 68(3)a of the Practice Act." This admission conclusively precludes this court from reviewing this case on this writ of error.

For the reasons above given, the motion to dismiss the writ of error is allowed and the writ is dismissed.

*Writ of error dismissed.*