(No. 31812.

GRACE PERRINE, Appellee, *vs.* CHARLES T. BISCH & SON *et al.,* Appellants.

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

A. M. FITZGERALD, of Springfield, (WALTER T. DAY, of counsel,) for appellant Charles T. Bisch & Son; and MARK O. ROBERTS, of Springfield, for appellants Mae Esper *et al.*

G. W. HORSLEY, of Springfield, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Grace Perrine filed a complaint in the circuit court of Sangamon County against Charles T. Bisch & Son, a corporation, and Mrs. May Esper, for injuries claimed to have been suffered through their joint negligence. The defendants made separate defenses. The plaintiff claimed that Mrs. Esper, who was driving an automobile, negligently caused it to be propelled in front of or in the way of a private ambulance operated by Bisch, whereby the plaintiff, who was riding in the ambulance, was injured. Various charges of negligence are contained in the complaint, and as against Esper one charge was that she negligently failed to yield the right of way to an authorized emergency vehicle, contrary to section 72 of the Uniform Traffic Act, (Ill. Rev. Stat. 1949, chap. 95½, par. 169,) regulating the use of motor vehicles.

The defendant Esper denied that she violated this section of the statute, and the defendant Bisch denied any negligence upon its part, but as to the counts against Esper

stated it was unable to answer the same. Esper and her husband filed counterclaims against the defendant Bisch to which no reply was made, and the cause was tried before a jury, resulting in a denial of recovery under the counterclaim of the Espers, and also a finding in favor of the plaintiff against both defendants for damages. Motions for new trial, for judgment notwithstanding the verdict, and in arrest of judgment were made by the defendants and overruled by the court, and judgment entered upon the verdict. Appellants Esper and Bisch have filed separate appeals to this court directly from the circuit court, and appellee has presented authorities denying such right, though no motion to transfer has been made by appellee.

In the statement of errors relied upon for reversal appellant Esper says: (1) the court erred in permitting the case to be tried upon the theory that a private ambulance is an authorized emergency vehicle, under the provisions of the Motor Vehicle Act and the ordinance of the city of Springfield; (2) that if the statute were construed as constitutional, the court erred in giving an instruction based upon the requirements thereof. Others errors are relied upon for reversal, but are of such character that would not give this court jurisdiction to entertain a direct appeal.

The appellant Bisch makes no claim for reversal involving the validity of a statute in its brief, so we have the unusual situation of joint defendants, both appealing directly to this court, one of which assigns a possible ground of direct appeal, and the other assigning grounds giving us no jurisdiction upon direct appeal.

The ruling of the court to which appellant Esper takes exception is the construction given by the trial court to sections 2, 23, 53 and 72 of the Uniform Traffic Act. Section 2(d) provides: "Authorized emergency vehicle. Police vehicles, vehicles of the fire department and ambulances and in cities having a population of 500,000 or more, emergency vehicles of municipal departments or public service

corporations as are designated or authorized by proper local authorities." Section 23(b) provides: "The driver of any authorized emergency vehicle when responding to an emergency call upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety but may proceed cautiously past such red or stop sign or signal. At other times drivers of authorized emergency vehicles shall stop in obedience to a stop sign or signal." Section 23(c) provides: "No driver of any authorized emergency vehicle shall assume any special privilege under this Act except when such vehicle is operated in response to an emergency call or in the immediate pursuit of an actual or suspected violator of the law."

There are other provisions with reference to authorized emergency vehicles, but the point raised in this case is whether or not defendant Bisch, who was engaged in private ambulance service for hire, and who at the time of the accident was carrying the husband of the plaintiff, who accompanied him in the ambulance and was injured by the collision mentioned above, came within the definition of an authorized emergency vehicle. It is the contention of appellant Esper that such ambulance does not come within the provisions of the statute, and if it did the statute as to it would be unconstitutional. Appellant Bisch presented no argument upon this point.

There is no claim upon the part of appellant Esper that the sections of the Uniform Traffic Act pertaining to authorized emergency vehicles, and the method of their operation upon the public streets of a city or other public place, are inherently unconstitutional and void. The objection made in this case is that the trial court construed the mentioned sections of the act as including the operation of a private ambulance to come within the term "authorized emergency vehicle."

It must appear, at first glance, that whether or not the statute referring to authorized emergency vehicles applies

to ambulances, both private and those operated by the city or State, or whether it includes only the limited number of ambulances such as police, fire department, and those operated by the city or State, is a mere matter of construction of the act. Direct appeals to the Supreme Court are not permitted for the purpose of construing a statute. Section 75 of the Civil Practice Act (Ill. Rev. Stat. 1949, chap. 110, par. 199,) provides that appeals may be taken directly to the Supreme Court in cases where a franchise or a freehold or the validity of a statute, or the construction of the constitution is involved, etc. The statute contains no provision for taking a direct appeal for the construction of a statute, and it has been held many times that the construction of a statute does not give us jurisdiction of a direct appeal to this court. It is not necessary to enlarge upon this subject, as, in the case of *Ernhart* v. *Elgin, Joliet and Eastern Railway Co.* 399 Ill. 512, we reaffirmed this rule, and called attention to the numerous authorities that sustain it, and exhorted counsel to examine the right to a direct appeal before bringing a case to this court.

The *Ernhart case* is directly in point upon the merits of appellants' claim of right to a direct appeal. In that case the effect of the Federal Employers' Liability Act was involved, and it was contended by the defendant that the rulings of the trial court gave the statute an unconstitutional effect, which is exactly what appellant Esper is claiming in this instance. In analyzing this claim we said: "The defendant claimed this action of the trial judge gave the statute an unconstitutional effect. This cannot be the true result. The ruling of the court did not change the statute. It was not held to be void. It is only the court's construction of its meaning. This does not authorize a direct appeal. The court may not properly have considered the facts, or the application of the facts to the statute, but this at most was merely error. The commission of such error is not a ground for direct appeal. The jurisdiction of this

court depends upon the question whether a statute is valid or invalid, not upon the action of the court in allowing the introduction of evidence, or in construing the application of evidence to the statute. Were the rule otherwise the defendant in practically every case of an adverse ruling in the introduction of evidence could raise a constitutional question."

Another case directly in point is that of *Compass Sales Corp.* v. *National Mineral Co.* 388 Ill. 281, where we said: "Where it is contended, as in this case, that if the court construes a statute in a certain manner it would render it unconstitutional, the question is one of the proper construction of the statute and not the question of its validity," and followed the case of *Sauter* v. *Anderson,* 199 Ill. 319. The latter case is particularly in point because there the construction given to the Dram Shop Act permitted the defendant to escape liability, and the point was made on a direct appeal to the Supreme Court that the construction given to the act, if correct, would render it unconstitutional. We there said: "The appellants cannot raise a constitutional question, so as to give this court jurisdiction of an appeal, when no constitutional question is involved, by contending that had the trial court construed the statute in a manner different from what it did construe it, it would have been unconstitutional, and therefore void. The question raised in the court below upon the statute, or the clause thereof upon which the action sought to be reviewed herein was based, was the question of the proper construction of said statute, and not the question of its constitutionality, and the court having adopted the construction thereof contended for by the appellants, they cannot now complain that the court did not adopt a construction which, according to their contention, would have made it unconstitutional."

If errors are committed, or erroneous or unjust decisions rendered, they may be corrected in a manner provided by law for the correction of such errors. An error in entering

a judgment or decree does not deprive the losing party of due process of law. Moreover, we have frequently held that the construction or application of the statute to a particular situation does not present a constitutional question. *Village of Riverside* v. *Kuhne,* 397 Ill. 108; *City of Chicago* v. *Peterson,* 360 Ill. 177.

It is perfectly clear from the pleadings and the evidence that the plaintiff was claiming that Mrs. Esper violated the provisions of the statute in not following its mandates in her approach to the street down which an ambulance was operating; and further that the ambulance was not observing ordinary care, as required by the provision of the statute with respect to authorized emergency vehicles. Whether or not the ambulance of Bisch and the actions of Mrs. Esper were governed by the provisions of the statute with reference to authorized emergency vehicles depended entirely upon the construction the court gave to the statute. It did not involve the validity of the statute, nor does the appellant contend that the provisions of the law are invalid or unconstitutional as of themselves. Her sole claim is that the ambulance of Bisch did not come within the provisions of the law, which is a pure matter of construction.

We are not commenting upon the claim that the ordinance of the city of Springfield was invalid as there is no certificate of the trial judge in the record that its validity is involved, and that public interest requires a direct appeal to the Supreme Court, as provided by section 75 of the Civil Practice Act.

We are expressing no opinion upon the facts or other points raised in the case, as it is clear there is no question presented which authorizes a direct appeal from the circuit court of Sangamon County to the Supreme Court of Illinois. The cause is accordingly transferred to the Appellate Court for the Third District.

*Cause transferred.*