# Andrew Binz

### *v.*

# Herman G. Weber.

1. Statutes—*of the passage of laws—the title.* Under the constitution of 1870, only such portions of a bill as were expressed in the title when it passed the two houses will acquire the force of law. It does not matter what title may be adopted to designate the act after it has passed. That is no part of the law, nor does it enlarge, limit or control the law. But every *bill* must have a title, and such title does limit and control the bill as passed.

2. But the mere fact that the title of an act is more restrictive than the title of the bill when it passed one of the houses, will not necessarily defeat the entire act, if there be portions of it which are still embraced in the more restrictive title, and which may be executed independently of those portions which have to be rejected.

3. Same—*presumption.* However, where the legislative journals are not proved for the purpose of showing by what title a bill passed each house, it will be presumed that it so passed by the title to the act, and the operation and effect of the act will be governed by such title.

4. Same—*whether an act relates to more than one subject.* The "act to authorize the city of Belleville and the town of Mascoutah to issue bonds," so far as it authorized the places named to issue their bonds for the purpose mentioned in the act, is held to contain but one subject, and that is accurately expressed in the title.

5. Former decision. It was incidentally said in *Larrison* v. *Peoria, Atlanta and Decatur Railroad Co.* 77 Ill. 11, that the constitution does not require a title to a bill. But that was wrong, as the practice is changed by the constitution so as to render a title to a bill indispensable, and that opinion should be regarded as modified to that extent.

Writ of Error to the Circuit Court of St. Clair county; the Hon. W. H. Snyder, Judge, presiding.

The statute, the validity of which is involved in this case, may be found in 68 Ill. 35.

Messrs. C. W. & E. L. Thomas, for the plaintiff in error.

Messrs. Wilderman & Hamill, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

A trial was had on an agreed statement of facts, and from it it appears that the town of Mascoutah, in the year 1870, subscribed $50,000 for stock in the Southeastern Railway Company, and issued its bonds for that sum, dated the 1st of November, 1870, due in twenty years, with ten per cent interest per annum, and delivered the bonds to the company in payment of the subscription. It was made, and the bonds issued and delivered under an act of the General Assembly, approved March 5, 1867. Private L. vol. 1, p. 841. The bonds were registered by the Auditor of Public Accounts some time in 1870, and he, to provide for the interest accruing on the bonds, levied on the property assessed in the town for taxation a per cent sufficient for the purpose, and the county clerk extended the same on the property thus assessed. The whole amount of personal tax assessed against plaintiff in error was $14.25, of which $6.01 was levied to meet the interest on these bonds; that he willingly paid the remainder of his taxes, but paid the $6.01 under protest, and to avoid a sale of his property.

It was also stipulated that, if the act of the 5th of March, 1867, was constitutionally adopted, and does not contravene the constitution, then judgment to be rendered in favor of the collector; if otherwise, for plaintiff for $6.01. The court below found for defendant, and so entered judgment.

Two questions are presented—first, was the act formally adopted, and if so, does it embrace more than one subject, and is that subject named in the title.

It is urged that, because the law has a title more restrictive than that to the bill when it passed the Senate, and because this more restrictive title does not appear to have been adopted by the "ayes and noes," and by a majority of the members elect of each house, the law was not constitutionally adopted. A controlling consideration in adopting these constitutional provisions was, to guard against inconsiderate legislation. The practice of passing bills by their titles, without being read at

large in the two houses, had grown into a common practice. Bills were passed by their titles, and members, supposing the titles truly stated the provisions of the bills, voted for them without learning their provisions. In this manner vicious legislation obtained. It was to prevent this practice, in part, at least, that this constitutional provision was adopted. See *Plummer* v. *The People*, 74 Ill. 361.

By giving effect to this provision, no portion of a bill not germane to its general object, or not expressed in the title when passed through the two houses, could acquire the force of a law. Only the portions of a bill expressed in the title when passed are constitutionally adopted. This being so, it does not matter what title might be adopted after its passage, to designate the law. The title adopted after the passage of the bill is no part of the law, nor does it enlarge, limit or control the law. The title to a bill is an essential part of the bill, and, under the constitution, every bill must have a title, and such title must truly state the object of the bill.

Under this constitutional requirement, then, we must look to the title of this bill as it passed each house, and not to the title of the act after its adoption, to learn what portion of its provisions are constitutional. By thus applying these provisions to the passage of laws, we have no doubt we shall effectuate the intention of the framers of that instrument.

In *Larrison* v. *Peoria, Atlanta and Decatur Railroad Co.* 77 Ill. 11, it was said that a title to a bill was not essential, but, on further argument and reflection, we are satisfied that we were wrong, as the constitution has made it indispensable, and that opinion, in that respect, must be modified, and it is not necessary at this time to consider whether a title to an act is essential. Where the journals are not resorted to for the purpose of showing by what title a bill passed, we will presume that it passed by the title to the act, and its operation and title will be governed thereby.

Tested, then, by these requirements, was this a constitutional law? This law undoubtedly does authorize the city of Belleville and town of Mascoutah to issue bonds, and that purpose

was clearly expressed in the title as it passed both houses. It is true, the journals may show, and it is stipulated they do, that title, when the bill passed the Senate, was more comprehensive, and embraced the town of Nashville, in Washington county; but in the House the name of the latter town was omitted. But we fail to see how that could affect the law so far as it related to the city of Belleville and town of Mascoutah. They were both embraced in the body of the bill, and in the title, as it passed both houses, and that answers the constitutional requirement, and we must hold that both of these places may legally act under the law, whether or not Nashville can.

It is urged that the bill contains more than one subject, and they are not embraced in the title. According to numerous decisions of this court, so far as the act relating to the city of Belleville and town of Mascoutah is concerned, there was but one subject matter. The issue of the bonds by those municipalities to pay for stock authorized to be subscribed to any railroad, McAdam or plank road, was the controlling purpose of the law, and the various provisions of the act only prescribe the mode of carrying this purpose into effect. Even if the law is void as to Nashville, we are at a loss to comprehend in what manner that could affect the act so far as it relates to Belleville and Mascoutah. The doctrine is well established that, although some provisions of an act are repugnant to the constitution, the others are valid, if they are capable of being carried into operation; and there can be no doubt that all relating to Nashville may be stricken out, and still enough remain to permit Belleville and Mascoutah to issue and deliver valid and binding bonds. These are the views entertained when the case of *Decker* v. *Hughes*, 68 Ill. 33, was before us on a petition for a rehearing, but, as they seemed to be so obvious, they were not expressed in an opinion. The journals are not regularly before us, but the parties have stipulated as to their contents, and we have considered the questions as though legally presented by the journals and they were properly before us.

The entire record considered, we see no error, and the judgment of the court below must be affirmed.

*Judgment affirmed.*