(No. 13314.—Cause transferred.)

ALBERT ZIMMERMANN *et al.* Appellants, *vs.* PATRICK H. DAWSON, Exr. Appellee.

*Opinion filed October 23, 1920.*

APPEALS AND ERRORS—*leasehold estate for ninety-nine years is not a freehold.* A leasehold estate for ninety-nine years, or for any number of years, is not a freehold but is a chattel real and a part of the personal estate of a decedent, and an appeal from a decree denying specific performance of an agreement to convey such an estate cannot be taken directly to the Supreme Court.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

JOSEPH A. WEBER, for appellants.

HENRY FRANKFURTER, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellants, Albert Zimmermann and Elizabeth Zimmermann, filed a bill in the superior court of Cook county December 8, 1918, against Patrick H. Dawson, as executor and as an individual, to compel the specific performance of an alleged agreement to convey a leasehold interest in certain city lots known as Nos. 512, 514, 516, 518, 520 and 522

South Kedzie avenue, in Chicago, situated at the northwest corner of Harrison street and Kedzie avenue. An answer was filed to the bill and on a hearing the court dismissed the bill for want of equity, and this appeal was perfected to this court.

The averments in the bill are, in substance, that James J. Tracey in his lifetime and at the time of his death, October 10, 1918, was the owner of the leasehold estate, which was for a term of ninety-nine years, beginning November 1, 1909, and expiring October 31, 2008; that the deceased left a last will and testament, which was duly admitted to probate by the probate court of Cook county, and that on November 25, 1918, letters testamentary were duly granted to Patrick H. Dawson, who was named as executor in said will; that by the provisions of the will Dawson, as executor, was given full power and authority to sell and convey by quit-claim or warranty deeds any and all real estate held and owned by the deceased at the time of his death; that a short time prior to his death the testator, Tracey, made and executed to Dawson a quit-claim deed to all his interest in the ninety-nine year leasehold; that Dawson continued to act as executor of said estate, and on September 12, 1919, entered into an agreement with appellants to sell the leasehold estate to them for the sum of $22,000, and that pursuant to said agreement appellants paid to the executor the sum of $1000 on the contract of sale; that thereafter Dawson sought to evade the agreement and as executor sought to sell the leasehold interest under an order of the probate court of Cook county and refused to comply with his agreement with appellants, and that appellants had at all times been ready and willing to comply with the agreement of purchase. Appellee by his answer admitted the ownership by the testator in his lifetime of the leasehold interest and the making of the will as alleged in the bill, and that he became executor and has continued to act as such under the will, as alleged; that the testator before his death executed

and delivered a quit-claim deed to him to the premises, and that as a member of the firm of P. H. Dawson & Co., real estate brokers, he negotiated with appellants for the sale of the leasehold interest, but alleged that the same was to be sold through the probate court, and that the sum agreed on ($22,000) was the amount that appellants were to bid on the property, and that the $1000 paid to him was not received by him as earnest money on the sale; that on presenting the matter to the probate court that court directed that the leasehold be sold as personal property, and that the court refused to allow the executor to accept the bid of appellants and directed that the leasehold be sold at public auction and entered an order to that effect. Appellee denies that any contract was executed with appellants for the sale of the leasehold estate and avers that he is about to proceed to sell the same through the probate court and that he believes that a larger sum may be obtained than the sum of $22,000. Appellee also sets up the Statute of Frauds and claims it as a defense to the bill. A mere formal replication was filed to the answer.

Appellee has made the claim in this court that this court has no jurisdiction of this appeal. This court has no jurisdiction unless a freehold is involved. It is clear from the pleadings as above set forth that no freehold is involved in this case. While an estate for life is a freehold, an estate for years, even if it be for a thousand years, is not a freehold. (2 Blackstone's Com. 143.) Such a leasehold as the one here involved has been held to be a chattel real and reckoned as part of the personal estate. *Thornton* v. *Mehring,* 117 Ill. 55.

This court having no jurisdiction, it is ordered that the cause be transferred to the Appellate Court for the First District.                                   *Cause transferred.*