Albert Zimmerman and Elizabeth Zimmerman, Appellants, v. Patrick H. Dawson, Individually and as Executor, Appellee.

## Gen. No. 26,683.

1. ESTATES—*when lease for term of years not freehold.* A lease of premises for any term of years does not constitute a freehold interest in real estate.

2. EXECUTORS AND ADMINISTRATORS—*lease as personalty not included in power to sell realty.* A lease of premises for 99 years is personal property and is not included in a power given to the executor of a will to sell real estate or any interest therein.

3. EXECUTORS AND ADMINISTRATORS—*order of probate court as prerequisite to sale of leasehold interest in realty.* Under Cahill's Ill. St. ch. 3, ¶ 92, an executor of a will is required to apply to the probate court for an order authorizing and directing the sale of a leasehold interest in real estate for a term of years.

4. EXECUTORS AND ADMINISTRATORS—*when agreement to sell leasehold interest in realty dependent on probate court's approval.* In a suit to compel specific performance by an executor of an agreement to sell a leasehold estate for years, evidence *held* to show that the agreement to sell was not to be consummated until approved by the probate court.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 17, 1921.

JOSEPH A. WEBER, for appellants.

HENRY FRANKFURTER, for appellee.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

Complainants filed a bill in the superior court of Cook county to compel the specific performance by defendant, Patrick H. Dawson, of an agreement to convey a leasehold interest in real estate located in Chicago.

Complainants allege in their bill that one James J. Tracey was during his lifetime owner of the 99-year leasehold estate in question, which commenced on the 21st day of October, 1909. Tracey died possessed of the leasehold interest. Prior to his death, on October 6, 1918, he executed a will under which his executor, Patrick H. Dawson, defendant, was empowered to sell and convey any interest in any real estate owned by deceased at the time of his death. This will was legally admitted to probate in the probate court of Cook county and on November 25, 1918, letters testamentary were issued to Dawson.

It is also alleged in the bill that on October 11, 1918, Tracey executed and delivered to Dawson a quitclaim deed conveying to Dawson all his, Tracey's, interest in the leasehold estate in question; that on September 12, 1919, complainants and defendant, Dawson, entered into an agreement under which Dawson agreed to sell to complainants the leasehold interest for $22,000; that in pursuance of such agreement complainants paid Dawson the sum of $1,000 on account of the purchase price and received from him a receipt for said payment; that thereafter Dawson had sought to evade performance of the contract and had attempted to sell the leasehold estate under an order of the probate court.

Defendant filed an answer admitting the ownership of the leasehold interest by Tracey during his lifetime; that defendant, Dawson, became executor under the will as alleged in the bill, and that he had continued to act as such. Defendant admitted the execution of the quitclaim deed from Tracey to himself and, also, that he had negotiated with complainants for the sale of the leasehold interest to them for the sum of $22,000; that complainants had paid him the sum of $1,000, and that he, defendant, had executed the receipt as alleged in the bill. It was alleged, however,

in the answer that the $1,000 payment was to apply on a bid on a proposed sale of the leasehold premises which was to be sold by the executor under direction of the probate court of Cook county; that the probate court of Cook county directed that the leasehold interest should be sold as personal property under an act relating to probate practice; that it directed that the sale of the leasehold interest be held at public auction and it refused to permit defendant to accept complainants' bid. The answer further denied that a binding contract was executed with complainants for the sale to them of the leasehold estate, and it alleged that defendant was about to proceed to sell the same under the direction of the probate court. A decree was entered in favor of defendant and complainants appealed to the Supreme Court of this State, which transferred the cause to this court. 294 Ill. 380.

The main facts as developed on the hearing were substantially as alleged in the bill and answer. The will of Tracey gave defendant, Dawson, full power and authority to sell and convey any and all real estate owned or possessed by deceased at the time of his death. Defendant was also empowered by the will to convey any interest that the deceased had "in any real estate at my death, and for that purpose may make, execute and deliver all necessary deeds," etc.

There is an unimportant dispute in the record as to whether the $1,000 paid by complainants was to be regarded as earnest money or whether it was merely an advance sum—paid on a bid made by complainants for the purchase of the leasehold interest. On the trial the defendant renounced any right or interest in himself individually under the quitclaim deed executed by deceased, Tracey, a short time before his death, and he, Dawson, stated that he had no interest in the estate of deceased except as trustee or executor under the will.

The case was appealed to the Supreme Court on the

theory that the subject-matter of the suit involved a freehold interest in real estate. In its opinion the Supreme Court said:

"This court has no jurisdiction unless a freehold is involved. It is clear from the pleadings as above set forth that no freehold is involved in this case. While an estate for life is a freehold, an estate for years, even if it be for a thousand years, is not a freehold. (2 Blackstone's Com. 143.) Such a leasehold as the one here involved has been held to be a chattel real and reckoned as part of the personal estate." 294 Ill. 382.

The briefs filed in the cause in the Supreme Court were refiled in this court. As we read the decision of the Supreme Court, the question of the character of the estate in question is definitely determined by that court. The property which constitutes the subject-matter of the suit is held by the Supreme Court to be a chattel real and reckoned as part of the personal estate. It follows as a result of this decision that if the subject-matter of the suit is to be regarded as personal property, paragraph 96, ch. 3, Hurd's Statutes 1917, of the Administration Act (Cahill's Ill. St. ch. 3, ¶ 98) does not apply. This paragraph provides that:

"In all cases, where power is given in any will to sell and dispose of any real estate, or interest therein, and the same is sold and disposed of in the manner and by the persons appointed in such will, the sales shall be good and valid."

Assuming, as urged, that under the provision of the statute quoted above an executor's power to sell real estate need not of necessity be supported by an order of court authorizing the sale, still the complainants cannot be awarded the relief prayed, for the reason that the statute specifically deals with a power given under a will to sell real estate or an interest therein. The subject-matter of the present suit being a 99-year

lease, is, under the decisions of the Supreme Court of this State, personal property. Section 90, ch. 3, Hurd's Illinois Statutes 1917 (Cahill's Ill. St. ch. 3, ¶ 92), required the executor, Dawson, to apply to the probate court for an order authorizing and directing the sale. The power given to the executor to sell real estate under the will, or any interest therein, did not include the subject-matter of the present suit.

In the case of *Thornton v. Mehring,* 117 Ill. 59, the Supreme Court said:

"Blackstone, in his Commentaries (book 2, p. 143), says: 'That an estate for life, even if it be *per auter vie,* is a freehold; but that an estate for a thousand years is only a chattel, and reckoned a part of the personal estate.' In 1 Williams on Executors, page 425, the rule is stated: 'If a lease for years be made to a man and his heirs, it shall not go to his heirs, but his executors.' * * *

"From these authorities there would seem to be no doubt that the lease in this case was personalty, and the legal title and power of disposal passed to the administratrix on the grant of letters of administration. This doctrine is announced in numerous cases in this court."

The evidence shows that at the time the defendant, Dawson, agreed to sell the leasehold interest in the premises a receipt was delivered to complainants, which in words and figures is as follows:

"Lot 125x125

Sept. 12, 1919.

"Received from Albert & Elizabeth Zimmermann One Thousand and no/100 Dollars, deposit on building and premises at N. W. Corner Kedzie Ave. & Harrison St., Chicago, Illinois.

P. H. DAWSON & Co.

$1000.00    Price $22,000.00."

This receipt is not signed by the defendant individually nor as executor, although he admits that it was written and signed by his firm title with his authority.

Zimmerman et al. v. Dawson, 222 Ill. App. 212.

The receipt does not on its face indicate the terms of the contract agreed to by the parties. It was a mere receipt for $1,000 on the building and premises on the northwest corner of Kedzie avenue and Harrison street, Chicago, Illinois. This receipt is the only writing that expresses any part of the agreement. The defendant testified that the receipt was given and the agreement between the parties was entered into with the express understanding that the sale to complainants was not to be effective unless approved by the probate court. In testifying, defendant said:

"When I came to the house of Mr. Zimmermann that morning of September 12, I told him that I had power to sell that place, and that I could deliver title papers to it, subject to the order of the probate court. I told him that I would want my sale approved by the probate court. That was understood."

It is our opinion that the subject-matter of this suit constitutes personal property which could be sold by the executor only upon approval of the probate court, and also that the evidence introduced on the trial warranted the chancellor in concluding that, whatever may be said as to the character of the property in question, it was agreed by complainants and defendant that the proposed sale thereof was not to be consummated until approved by the probate court of Cook county.

The decree of the superior court will be affirmed.

*Affirmed.*

McSurely and Matchett, JJ., concur.