(No. 19980.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES JIRAS, Plaintiff in Error.

*Opinion filed June 20, 1930.*

HARRIS & HARRIS, and GEORGE G. RINIER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WALLACE A. WALKER, State's Attorney, and GEORGE P. O'BRIEN, (R. B. O'HARRA, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The grand jury of McDonough county returned an indictment against Charles Jiras consisting of seven counts and upon a trial he was found guilty on the fourth count, which charged him with the misdemeanor of maintaining an office for the examination and treatment of persons afflicted with human ailments while not possessing a license to treat them, in violation of the provisions of section 24 of the Medical Practice act. He was sentenced to pay a fine of $500 and has sued out a writ of error from this court.

The cause must be transferred to the Appellate Court. The offense of which the plaintiff in error was convicted is a misdemeanor, and writs of error in all criminal cases below the grade of felony, under the statute, can be sued out of the Appellate Court only, except in cases involving the validity of a statute or a construction of the constitution. This record involves neither. The supposed constitutional questions referred to in the assignment of errors are frivolous. It is not enough to authorize a direct appeal to this court from a trial court merely to assign as error that a statute is unconstitutional, but the actual existence of a question in regard to the construction of the constitution which is fairly debatable is necessary to justify a direct appeal. The mere allegation in a pleading or an assignment of error that a statute is unconstitutional does not raise a constitutional question which will confer jurisdiction on the Supreme Court unless it can be seen that the question may be fairly regarded as debatable. *Beach* v. *Peabody,* 188 Ill. 75; *Boylan* v. *Chicago Title and Trust Co.* 240 id. 413.

The validity of the statute is attacked only on grounds of its unconstitutionality, and those grounds as alleged in the assignment of errors are, first, that the statute is class legislation and not equal and uniform in its operation; second, that it embraces more than one subject and more than one title; third, that it has more than one title, no one of which substantially states the subject of the act.

The first ground is asserted in the assignment of errors, accompanied by the statement that the statute "discriminates and violates the fourteenth amendment to the constitution of the United States and also the constitution of the State of Illinois." Neither the brief nor argument refers to any discrimination or inequality or lack of uniformity in the provisions of the act and therefore this ground must be regarded as abandoned.

The title of the act is, "An act to revise the law in relation to the practice of the treatment of human ailments, for the better protection of the public health and to prescribe penalties for the violation hereof." In their discussion of the title in their argument counsel for the plaintiff in error state that "the act in question has two titles, the one designating the act as the 'Medical Practice act,' the other designating the act as a law in relation to the practice of the treatment of human ailments. The question then resolves itself into this: Is a title 'Medical Practice act' the same as 'law in relation to the practice of the treatment of human ailments?'" This criticism finds no reasonable basis in the fact that the first section of the act is, "This act shall be known as the 'Medical Practice act.'" The title of an act, under section 13 of article 4 of the constitution, is indispensable. (*Binz* v. *Weber,* 81 Ill. 288.) The object of the provision as to titles in this section is to guard against inconsiderate legislation, to give information as to the subject of legislation with which the act deals, and to prevent joining in one act incongruous or unrelated matters. (*People* v. *McBride,* 234 Ill. 146; *Riggs* v. *Jennings,* 248 id.

584; *People* v. *Williams,* 309 id. 492.) The object is to require the title of the act to express in general terms its purposes, to prevent surprise by the insertion in the act of provisions not related to its subject which have no legitimate tendency to accomplish its purposes as expressed in the title. (*People* v. *Stokes,* 281 Ill. 159; *People* v. *Horan,* 293 id. 314; *People* v. *Sisk,* 297 id. 314.) The first section of the Medical Practice act is no part of the title but is a part of the body of the act, which declares the name by which the act shall be known, and its presence gives no basis for criticism as the introduction of a subject not related to that mentioned in the title.

Objections are taken to various rulings of the court made in the progress of the trial, which, it is argued, constitute a denial to the plaintiff in error of his constitutional right to due process of law, such as the examination of each individual of the whole panel of twenty-four jurors in attendance on the court as to possible attempts at influencing them in this case if they should be taken as jurors; the overruling of a motion to require the State's attorney to elect upon which count of the indictment he would proceed; the alleged communication by the court with the jury after its retirement for deliberation on its verdict, and the instruction by the court of the jury after its retirement in the absence of the plaintiff in error. These were questions of practice and procedure which may or may not have been ground for reversal of the judgment but they do not raise any constitutional question of due process of law. The only question they could raise was one of error in the trial. The fact that a trial court may have misconstrued the law in the progress of the trial and thereby committed error for which the judgment should be reversed does not raise any question of due process of law or denial of equal protection of the laws but merely involves a question whether the court erred in construing and applying the law. *Boylan* v. *Chicago Title*

*and Trust Co. supra; Hunter* v. *Empire State Surety Co.* 261 Ill. 335; *Tarallo* v. *Hubbell Fertilizer Co.* 281 id. 286.

None of the assignments of error raise any debatable question as to the validity of the law or the constitutionality of the act in question, and the cause will be transferred to the Appellate Court for the Third District.

*Cause transferred.*