(No. 25752.-■■■■■■■■■■)

L. L. McARTHUR, JR., Appellee, *vs.* WILLIAM C. WEIDERT *et al.*—(ROY D. KEEHN, Appellant.)

*Opinion filed December 12, 1940.*

W. M. KEELEY, for appellant.

PAM, HURD & REICHMANN, (ARTHUR M. COX, and LESTER G. BRITTON, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, as holder of a 99-year lease on the property involved, seeks review of a decree of the superior court of Cook county partitioning certain real estate and finding that appellant had defaulted in his undertaking in the 99-year lease and removing same as a cloud.

The bill of complaint for partition alleges that appellee and one William C. Weidert are owners of the property as tenants in common; that appellant claims some interest therein; that owing to the fact that the property is now in possession of the county collector, as receiver to collect rents to apply on delinquent taxes, neither appellee nor Weidert is in possession nor entitled to possession until such taxes are met and they are unable to bring an action in ejectment against appellant because he is not in possession. Plaintiff alleges that the claims of appellant and the trustees and holders of certain bonds, which appellant, as lessee, issued upon the building on the premises, constitute a cloud on the title of appellee, petitioner, and Weidert.

Appellant filed an answer denying the ownership of the land by appellee or Weidert, alleging that there was no severance of title but that the title is in fact all in the Northern Trust Company, trustee, under a mortgage sale of the premises in a foreclosure proceeding. He also alleged that title had been taken by Weidert as trustee for the Northern Trust Company and not for his own benefit, and that the transfer of one-half interest therein was purely colorable in order to give basis for partition. With the exception of the first paragraph denying the ownership of the lands in appellee and Weidert, the answer of appellant was stricken. Appellant filed a substituted answer reiterating much of his original answer and alleging that

this property was held by appellee and Weidert purely as trustees, and further detailing his claim that the property in fact belongs to the Northern Trust Company as trustee. Certain allegations of this answer were stricken on motion and appellant refusing to answer further, the cause proceeded to a hearing on the complaint and his denial of the ownership of these lands by the complainant. The decree was for partition, free and clear of the 99-year lease and the mortgage issued by appellant as lessee on the building.

Appellant, in bringing the cause here, contends that since he alleged that there was no division of interest in the property but that it all belonged to the Northern Trust Company as trustee, which allegations were admitted by the motion to strike, the court was without jurisdiction to partition the land, and he says, therefore, he was not required to submit his claims and defenses in an action of which the court has no jurisdiction. He also complains of the refusal of the court to require an answer to certain interrogatories propounded by appellant in his motion for discovery. He states here that this is not a title issue but the issue is solely one of jurisdiction of the court. If appellant has any interest in this real estate it grows out of his 99-year lease. Such a lease is not a freehold but a chattel real. *Zimmermann* v. *Dawson,* 294 Ill. 380; *Thornton* v. *Mehring,* 117 id. 55; 2 Blackstone's Com. 143.

It is also to be noted that appellant does not complain of the loss of his leasehold interest, here, since his point is that the court had no jurisdiction to proceed in the matter and that, therefore, he was not required to submit his claim there. These questions do not confer jurisdiction on this court on direct review. No freehold is involved and no constitutional question is raised.

The cause is therefore transferred to the Appellate Court for the First District.      *Cause transferred.*