(No. 27085.—Cause transferred.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* A. FRED KABANA, Plaintiff in Error.

*Opinion filed May 20, 1943.*

GEORGE G. RINIER, and RAY E. LANE, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

An information filed in the county court of Cook county charged the defendant, A. Fred Kabana, with violations of section 24 of the Medical Practice Act. (Ill. Rev. Stat. 1941, chap. 91, par. 16i.) Defendant's motion to quash the information and each of its seven counts was denied. Motions made at the conclusion of the People's evidence and, again, at the close of all the evidence to instruct the jury to find defendant not guilty were denied. A jury found defendant not guilty on the sixth count and guilty on the remaining six counts. His motions for a new trial and in arrest of judgment were overruled. The judgment of the county court fined defendant $100 on each of the six counts, and costs. Kabana prosecutes this writ of error, seeking a direct review of the record on the assumption that a constitutional question is involved.

To support his contention that the information should have been quashed, defendant contends that no one of the counts charges a criminal offense. Precisely the same argument is advanced here as urged in *People* v. *Moe,* 381 Ill. 235. A fairly debatable constitutional question is not presented by the contention that the information was defective in failing to state a crime. *People* v. *Shaver,* 364 Ill. 326.

The cause was tried by a jury of five men and seven women. A challenge to the jury array was denied. It was

stipulated that the seven women jurors remained after defendant had exhausted his peremptory challenges. His contention is that the jury, composed in part of women, was a violation of section 5 of article II of the constitution of the State and the fourteenth amendment to the constitution of the United States. The constitutional validity of section 2 of the Jury Commissioners' Act, as amended in 1939, rendering women eligible for jury service, was sustained in *People ex rel. Denny* v. *Traeger,* 372 Ill. 11. In particular, we held that the Women's Jury Act does not impair, abridge or deny the right of trial by jury as guaranteed by section 5 of article II of our constitution.

We are impelled to observe that the extended argument in support of defendant's contention that his challenge to the jury array should have been sustained is, for all practical purposes, a *verbatim* copy of the argument on the identical issue in *People* v. *Moe,* 381 Ill. 235, decided November 18, 1942. Defendant's brief in the present cause was filed February 16, 1943. One of the attorneys representing him in this court was the sole attorney of record for defendant in *People* v. *Moe.* No valid reason suggests itself for the repetition of the argument.

For the reasons assigned in *People* v. *Moe,* 381 Ill. 235, the supplementary contention that a jury including women deprived defendant of due process of law in violation of the constitutional guaranties of section 2 of article II of our constitution and of the fourteenth amendment to the Federal constitution does not present a constitutional question, within the contemplation of section 75 of the Civil Practice Act. Ill. Rev. Stat. 1941, chap. 110, par. 199.

Since no fairly debatable constitutional question is involved, the cause is transferred to the Appellate Court for the First District.                     *Cause transferred.*