(No. 32822.▮

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IRA G. BROWN, Plaintiff in Error.

*Opinion filed September 24, 1953.*

RAY E. LANE, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and ROMAN STACHNIK, all of Chicago, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Upon trial by jury in the county court of Cook County Ira G. Brown was convicted of violating section 24 of the Medical Practice Act, (Ill. Rev. Stat. 1949, chap. 91, par. 16i,) which prohibits the treatment of physical ailments for profit without a license and prescribes penalties for such misdemeanors. He was sentenced on each of five counts of the information to a term of six months in jail, with sentences to run concurrently, and was fined $200 on each count. He seeks direct review by this court.

It appears from the record that plaintiff in error held himself out as a chiropractor and administered certain treatments to Frances Dickerson, an investigator for the Illinois Department of Education and Registration, for which he received a fee.

It is contended, *inter alia,* that plaintiff in error was respectively denied his constitutional rights because of deficiencies in the allegations of the information, prejudicial conduct of the State's Attorney in questioning witnesses, and the admission of improper evidence. A fairly debatable constitutional question authorizing a direct review is not presented by the contention that the information is defective, (*People* v. *Kabana,* 383 Ill. 284,) or that the conduct of the prosecuting attorney was prejudicial, (*People* v. *Estep,* 409 Ill. 125,) or that error was committed in the admission of evidence. (*People* v. *Jiras,* 340 Ill. 208.) These are questions of practice and procedure which may or may not be ground for reversal of the judgment, but they do not raise any constitutional issue. The mere fact that the trial court may have committed error for which the judgment should be reversed does not present any constitutional question but simply involves the question whether the court erred in construing and applying the law. (*People* v. *Jiras,* 340 Ill. 208.) The other assignments of error do not even purport to present any grounds affording this court jurisdiction on a direct review.

Since there is no constitutional question involved in the case, and no other question is present which would confer jurisdiction upon this court, the cause will be transferred to the Appellate Court, First District.

*Cause transferred.*