(No. 33120.—▮▮▮▮▮▮▮▮)

STANLEY R. PIERCE, Appellee, *vs.* FRANK T. PIERCE *et al.,* Appellants.

*Opinion filed November 18, 1954—Rehearing denied Jan. 18, 1955.*

MADIGAN & THORSEN, of Chicago, (ROBERT THORSEN, of counsel,) for appellants.

WILHARTZ & HIRSCH, of Chicago, (SAMUEL E. HIRSCH, JACK A. DIAMOND, and WARREN KRINSKY, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The sole question here is whether a leasehold may be the subject of partition. Stanley R. Pierce filed a complaint in the superior court of Cook County seeking partition of a 99-year leasehold, created in 1875, of which he owns an undivided half interest. The defendants are the owners of the remaining interests. Upon defendants' motion, the superior court dismissed the complaint. The Appellate Court reversed and remanded. (*Pierce* v. *Pierce,* 351 Ill. App. 336.) The case is here on leave to appeal.

The defendants have filed an election to stand by their motion to dismiss. By analogy to section 75(2)(c) of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 199), and in order to eliminate unnecessary delay in the disposition of the case, we consider that defendants' election makes the judgment of the Appellate Court final for the purpose of review by this court.

Section 1 of the Partition Act of 1949 provides, "When lands, tenements, or hereditaments are held in joint tenancy or tenancy in common, whether such right or title is derived by purchase, devise or descent, * * * any one or more of the persons interested therein may compel a partition thereof by complaint in chancery * * *." Ill. Rev. Stat. 1953, chap. 106, par. 44.

Defendants' argument is that partition is confined to those interests enumerated in section 1, and that leaseholds are neither lands, tenements, or hereditaments. The argument assumes that the statutory remedy for partition is made exclusive by section 27 of the act, which provides, "The common law writ of partition is hereby abolished, and statutory partition by petition at law is hereby discontinued. Proceedings for partition shall be solely in chancery." (Ill. Rev. Stat. 1953, chap. 106, par. 70.) We question that assumption. It has long been recognized that courts of equity have independent jurisdiction in partition, and section 27 has not been regarded as having abolished that jurisdiction. (*Howey* v. *Goings,* 13 Ill. 95; *Hess* v. *Voss,* 52 Ill. 472; *Labadie* v. *Hewitt,* 85 Ill. 341; *Shippert* v. *Shippert,* 371 Ill. 267; 2 Tiffany, Real Property, sec. 204.) But we need not inquire whether traditional equity jurisdiction extended to the partition of leaseholds, since we are of the opinion that the act itself authorizes partition of such interests.

The gist of defendants' argument is that the statute uses the phrase "lands, tenements, or hereditaments" in a technical sense, as equivalent to estates of freehold. There

is of course no question but that a leasehold interest is not a freehold at common law, but is treated in most respects as personal property. (See *McArthur* v. *Weidert*, 375 Ill. 212; *Zimmermann* v. *Dawson*, 294 Ill. 380; *Thornton* v. *Mehring*, 117 Ill. 55; 1 Thompson Real Property, sec. 61; id., sec. 1018.) It is also true, as defendants point out, that the phrase "lands, tenements and hereditaments" has in some contexts been regarded as a synonym for freehold estates or real property. (See *The Mayor etc. of New York* v. *Mabie*, 13 N.Y. 151; *Hutchinson* v. *Bramhall*, 42 N.J. Eq. 372; *Devecmon* v. *Devecmon*, 43 Md. 335; *Hester* v. *Sawyers*, 41 N.M. 497; *Murphy* v. *Superior Court of Los Angeles County*, 138 Cal. 69; *Abraham* v. *Fioramonte*, 158 Ohio St. 213; *Orchard* v. *Wright-Dalton-Bell-Anchor Store Co.* 225 Mo. 414.) A consideration of the history of our Partition Act and its English antecedents, however, makes it clear that as employed in this act the phrase does not have so narrow a meaning.

Prior to 1539 partition was available only to coparceners—persons who had become concurrent owners by inheritance—and hence there could be partition only of estates in fee. (*Hill* v. *Reno*, 112 Ill. 154, 159.) In that year the remedy was extended by statute to all joint tenants and tenants in common having "any estate or estates of inheritance in their own rights, or in the right of their wives, of any manors, lands, tenements, or hereditaments." (31 Henry VIII, c. 1.) This statute did not apply to tenants for life or for a term of years. The next year, however, that omission was explicitly corrected by the statute 32 Henry VIII, c. 32. By virtue of section 1 of the act of 1874 (Ill. Rev. Stat. 1953, chap. 28, par. 1,) the statute of 1540, along with that of 1539, became a rule of decision in Illinois. Defendants contend, however, that by the enactment of the Partition Act of 1819 (Laws of Illinois, Jan. 1819, p. 385) the common law on this subject was thereby repealed, and that the language of this act dis-

plays an intention to recreate only the statute of 1539, and thus to exclude leaseholds.

Section 1 of the act of 1819 provided: "When any one or more persons, proprietors of any tract or tracts, lot or lots of land within this state, are desirous of having the same divided, it shall and may be lawful for the circuit court of the county where such land or lots may lie, * * * to appoint three * * * commissioners for dividing the said tract or lots of land, and * * * shall proceed to make division of the said land, lots, tenements and hereditaments as directed by the court, among the owners and proprietors thereof * * *; which partition * * * return thereof being made * * * describing the lots or portions allowed to each respective owner or proprietor, * * * shall be a partition of such lands, lots and tenements therein mentioned."

The defendants' theory is that the use of the phrase "land, lots, tenements and hereditaments" was a deliberate imitation of the phrase "manors, lands, tenements, or hereditaments" in the statute of 1539, and that the latter phrase, as there employed, designated freeholds only. We do not think that the act of 1819 can be regarded as incorporating the English statute by the deliberate repetition of a technical phrase, for section 1 of the act of 1819 uses as equivalents the expressions, "land, lots, tenements and hereditaments," "tract or tracts, lot or lots of land," "land or lots," "lots or portions," and "lands, lots and tenements."

But even if the legislature intended to employ all these phrases as the equivalent of the "lands, tenements, or hereditaments" mentioned in the statute of 1539, it does not follow that leaseholds are excluded, for that phrase was not used, as defendants contend, to designate estates of freehold. This is made clear by the language of the supplementary statute of 1540 which extended the right to partition to tenants for life and for years. That act recited that by the statute of 1539 it was "enacted and

established, that all joint-tenants and tenants in common that then were or hereafter should be of any *estate or estates of inheritance* in their own rights, or in the right of their wives, *of any manors, lands, tenements, or heredi-taments* within this realm of England, Wales, or marches of the same, shall and may be coacted and compelled by virtue of the said act, to make partition between them of all such *manors, lands, tenements, and hereditaments,* as they then held or hereafter should hold as joint-tenants or tenants in common, \* \* \* and forasmuch as the said stat-ute [of 1539] doth not extend to *joint-tenants and tenants in common for term of life or years,* neither to joint-ten-ants or tenants in common, where one or some of them have but a particular estate for term of life or years, and the other have estate or estates of inheritance of and *in many manors, lands, tenements, and hereditaments:* Be It Therefore Enacted, that all *joint-tenants and tenants in common,* and every of them, which now hold or hereafter shall hold jointly or in common *for term of life, year or years,* or joint-tenants or tenants in common, where one or some of them have or shall have *estate or estates for term of life or years,* with the other that have or shall have estate or estates of inheritance or freehold *in any manors, lands, tenements, or hereditaments,* shall and may be compellable from henceforth by writ of partition to be pursued out of the king's court of chancery upon his or their case or cases, *to make severance and partition of all such manors, lands, tenements, and hereditaments which they hold jointly or in common for term of life or lives, year or years,* where one or some of them hold jointly or in common for term of life or years with other, or that have an estate or estates of inheritance or freehold." (Italics supplied.)

From the English statutes themselves it appears that the phrase "manors, lands, tenements, and hereditaments" was not intended to bear any relation to the quantum of

the estates which were to be the subject of partition. The statute of 1539 did not extend to tenants for life or years because it was restricted to "estates of inheritance." The reference in the statute of 1540 to "partition of all such manors, lands, tenements, and hereditaments which they hold * * * in common for term of * * * year or years" demonstrates that the phrase relied upon by defendants was not used in the technical sense which they urge.

Nor has the phrase been used by the General Assembly in that technical sense. In 1821 the legislature passed a new Partition Act, largely declaratory of the statutes of 1539 and 1540, and expressly including leaseholds. (Laws of Illinois, 1820-21, p. 14.) It provided "That all joint tenants or tenants in common, who are now, or hereafter shall be possessed of any estate of inheritance, or estates less than those of inheritance, either in their own rights, or in the right of their wives, may be compelled to make partition between them of such lands, tenements or hereditaments, as they now hold, or hereafter shall hold, as joint tenants or tenants in common. Provided however, That no such partition, between joint tenants or tenants in common, who hold or shall hold estates for life or years, with others holding equal or greater estates, shall prejudice any entitled to the reversion or remainder, after the death of the tenants for life, or after the expiration of the years." As used in this act, the expression "lands, tenements or hereditaments" was obviously not employed as the equivalent either of freeholds or of estates of inheritance.

In 1845, the chapter on "Partitions" in the act revising and consolidating the general statutes used the expression "lands, tenements or hereditaments" without express reference either to "estates of inheritance" or "estates less than those of inheritance." Section 1 of that chapter provided for statutory partition "When any lands, tenements or hereditaments, shall be held in joint tenancy, tenancy

in common or coparcenary, whether such right or title be derived by purchase, devise or descent, or whether any, all or a part of such claimants be of full age, or minors." (Rev. Stat. 1845, chap. LXXIX, p. 399.) Section 2 covered part of section 1 of the act of 1821. It prescribed that the verified petition "shall particularly describe the premises sought to be divided or sold, and shall set forth and make exhibits of the rights and titles of all parties interested therein, * * * including tenants for years, for life, by the courtesy, or in dower; and of persons entitled to the reversion, remainder or inheritance; and of every person, who, upon any contingency, may be or become entitled to any beneficial interest in the premises, so far as the same are known to the petitioners." There is nothing in the general revision to indicate a departure from the nonrestrictive use of the expression "lands, tenements or hereditaments," and, in view of the fact that the expression had consistently been used in a nontechnical sense, we are of the opinion that a restrictive use was not intended. The Partition Act was subsequently amended again in 1874, 1935, 1937, and 1949 (Rev. Stat. 1874, p. 749; Laws of 1935, p. 1054; Laws of 1937, p. 985; Laws of 1949, p. 1182.) None of these amendments changed the act in any respect relevant to the matter now before us. We hold, therefore, that a leasehold is subject to a partition. That conclusion is in harmony with the decisions reached by the courts of other States. See *O'Brien v. Mahoney*, 179 Mass. 200; *McEeachern v. Gilchrist*, 75 N.C. 196; 12 A.L.R. 641, 644.

The judgment of the Appellate Court must accordingly be affirmed.

*Judgment affirmed.*