(No. 34215.—

JOSEPH M. MORAN *et al.*, Appellants, *vs.* ZONING BOARD OF APPEALS OF THE CITY OF CHICAGO *et al.*, Appellees.

*Opinion filed May 23, 1957.*

KENT G. CHETLAIN, of Chicago, for appellants.

JOHN C. MELANIPHY, Corporation Counsel, IRVING GOODMAN, and SMIETANKA & GARRIGAN, all of Chicago, (SYDNEY R. DREBIN, and JOAN C. MILLER, of counsel,) for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is an appeal from a judgment of the superior court of Cook County affirming an administrative decision of the Chicago zoning board of appeals which, after finding the evidence established the public convenience would be served, construed the city's zoning ordinance to permit, as a special use, the construction of a parking lot to serve a savings and loan association in an area zoned for duplex residences. Appeal had been taken to the board by the savings and loan association from a refusal of the commissioner of buildings to issue a permit for such a construction.

Appellants, four of whom join in the cause for the first time on appeal and the balance of whom prosecuted the complaint for administrative review, are 134 property owners from an area within two blocks of the proposed parking site. It appears that individual notices of the hearing before the board were mailed to nine property owners pursuant to regulations adopted by the board, that a public notice of the hearing was published in a newspaper as required by section 73—4(c) of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1955, chap. 24, par. 73—4(c),) that 52 of the appellants filed written objections with the board, and that 32 were present at the hearing when evidence for both sides was introduced. It does not appear that any of the appellants were ever prevented from filing their objections or presenting their views to the board.

To justify a direct appeal to this court appellants assert that the validity of section 73—5 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1955, chap. 24, par. 73—5,) is in issue. Appellees, however, both in their brief and in

a motion taken with the case, challenge our jurisdiction and urge the cause should be transferred to the Appellate Court. As grounds for transfer it is contended, first, that appellants have no standing to attack the validity of a statute that does not affect them and, second, that the alleged invalidity was neither properly raised nor essential to the decision in the case. Inasmuch as this court has only such jurisdiction as is conferred upon it by law, (Ill. Rev. Stat. 1955, chap. 110, par. 75,) the conflicting claims relative thereto command our first consideration.

Section 73—5 of the Revised Cities and Villages Act, the validity of which is claimed by appellants to be in issue, is a segment of the article conferring authority upon municipalities to enact and administer zoning regulations, is captioned "Appeals to board of appeals," and provides in part: "An appeal to the board of appeals may be taken *by any person aggrieved* or by any officer, department, board, or bureau of the municipality. * * * The board of appeals shall fix a reasonable time for the hearing of the appeal and give *due notice thereof to the parties* and decide the appeal within a reasonable time." (Emphasis supplied.) As applied to this case it is to be seen that the aggrieved saving and loan association and the building commissioner were the parties to the appeal. Appellants, who merely suggest without citation of authority or argument, complain that section 73—5 is constitutionally deficient in that it does not prescribe what is "due notice" or define the "parties" upon whom notice is to be given.

The rule is well established that this court will not determine the constitutionality of statutory provisions where the party urging the invalidity is not in any way aggrieved by their operation. (*Liberty National Bank of Chicago* v. *Collins,* 388 Ill. 549, 559; *City of Edwardsville* v. *Jenkins,* 376 Ill. 327, 332; *People, for use of City of Altamont* v. *James,* 328 Ill. 262, 266.) Where a constitutional question of such abstract nature serves as the

only basis for our jurisdiction, a direct appeal will not be entertained. (*People* v. *Day*, 313 Ill. 531, 533.) Here appellants were not "persons aggrieved" by the decision of the building commissioner which prompted the appeal to the zoning board of appeals nor, at the time the hearing was set and notice given as required by section 73—5, were they parties to the appeal. They could not, therefore, be injuriously affected by the operation of the section and may not complain of its invalidity. Indeed, in the argument presented, appellants do not claim to have been "parties" entitled to notice but contend that because property owners other than the immediate parties to an appeal might be aggrieved, section 73—5 should provide for notice to such owners. Apart from the fact that we will not take jurisdiction to determine hypothetical questions, it is also to be pointed out that public notice of a board's hearings is provided for in section 73—4(c).

To give this court direct appellate jurisdiction on the ground the validity of a statute is involved, the statute must be the foundation of some asserted right or of some defense interposed, so that a determination of the validity of the statute is essential to the decision of the case; if the issues can be fairly decided without reference to the statute, its constitutionality cannot be said to be involved, and its validity will not be determined. (*Hawthorne Kennel Club* v. *Swanson*, 339 Ill. 220; *Jenisek* v. *Riggs*, 381 Ill. 290; *People* v. *Brickey*, 396 Ill. 140.) Here the validity of section 73—5 was not the primary inquiry of the court, and its validity or invalidity was not essential to the construction to be placed on the zoning ordinance. The validity of the statute is not involved so as to give us jurisdiction on direct appeal.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*