(No. 34339.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT EVAN KNUTSON, Plaintiff in Error.

*Opinion filed September 20, 1957.*

John G. Garrity, of Freeport, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and L. Edward Beckmire, State's Attorney, of Freeport, (Fred G. Leach, and Bruce E. Kaufman, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Plaintiff in error, Albert Evan Knutson, upon trial by jury in the county court of Stephenson County, was convicted of violating section 47 of the Uniform Act Regulating Traffic on Highways, (Ill. Rev. Stat. 1955, chap. 95½, par. 144,) which declares it unlawful for any person under the influence of intoxicating liquor to drive a vehicle. He was sentenced to pay a fine of $200 and costs. Direct review is sought in this court by writ of error.

Plaintiff in error seeks to invoke the jurisdiction of this court upon the grounds that remarks by the prosecuting attorney and the admission of certain evidence pertaining to plaintiff in error's refusal to submit to an intoximeter test was a denial of due process and a violation of his privilege against self-incrimination under the Federal and State constitutions.

He was asked to take an intoximeter test, and voluntarily started to do so, attempting to blow up a balloon with his breath. He was unable to get air into the balloon and then changed his mind and refused to complete the test. The prosecuting attorney in his opening statement commented upon the proof he intended to offer, including the conduct of defendant with reference to starting the test and then refusing to complete it, and the testimony of witnesses likewise covered such conduct. It is the comments

thus made and the testimony admitted of which plaintiff in error complains.

In support of his position defendant cites *Rochin* v. *People of California,* 342 U.S. 165, which involved forcible extraction of narcotic capsules from the defendant's stomach; and *People* v. *Sims,* 395 Ill. 69, wherein the defendant was forcibly compelled to submit to a lie-detector test.

It was held in both the *Rochin* and *Sims cases* that the constitutional rights of the defendants had been violated. It will be noted, however, that in each case the test was involuntary and against the will of the defendant. Here, the defendant voluntarily agreed to take the test but did not finish it. No evidence was offered as to what the test would have shown had it been completed. The remarks and evidence relative to the test were incidental to and a part of the general conduct of the defendant.

No fairly debatable constitutional question is presented. The grounds urged raise questions of practice and procedure but do not raise a constitutional issue. *People* v. *Brown,* 415 Ill. 626.

Since there is no constitutional question involved and no other assignment of error which affords this court jurisdiction, the cause is transferred to the Appellate Court, Second District.

*Cause transferred.*