(No. 37308.—

The City of Chicago, Appellee, *vs.* Herman O. Shayne et al.,—Irving L. Butler et al., *vs.* Chicago City Bank & Trust Co. et al., Appellees.—(Willie Mae Atkinson, Appellant.)

*Opinion filed March 25, 1963.*

ROYAL E. SPURLARK, JR., of Chicago, for appellants.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and MARSILE J. HUGHES, Assistant Corporation Counsel, of counsel,) for appellee City of Chicago.

SAMUEL W. BLOCK and THOMAS W. MCNAMARA, of Chicago, (THOMPSON, RAYMOND, MAYER & JENNER, of counsel,) for appellees Chicago City Bank & Trust Co. and Paul Caspers & Co., Inc.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This matter comes before us on appeal of the judgments of the superior court of Cook County arising out of the consolidation of two cases involving trespass and condemnation.

By written lease dated December 12, 1955, Irving L. Butler and Willie Mae Atkinson leased from Chicago City Bank & Trust Co., as trustee, certain premises known as 1351 E. 47th Street, Chicago, Illinois, for a barbeque, tavern and package liquor business for a term commencing June 1, 1956, and expiring May 31, 1961.

On August 25, 1960 the city of Chicago filed a petition to condemn property at 1333-51 E. 47th Street as part of the Hyde Park-Kenwood Urban Renewal Plan, which property included the leased premises of Butler and Atkinson. Neither Irving L. Butler nor Willie Mae Atkinson were named or served with process. On January 23, 1961, a judgment order was entered on a jury verdict in the condemnation suit awarding the bank $135,000 for the whole property and providing that the city could take possession of the property upon depositing the award with the county treasurer. The award with costs and interest was so deposited on January 31, 1961.

On February 9, 1961 the city, by its police officer, entered the premises of appellant and ordered the business closed. This action was taken pursuant to section 11 of article VI of the Liquor Control Act, (Ill. Rev. Stat. 1961, chap. 43, par. 130,) which provides that liquor can not be sold or delivered in any building owned by the city. The city had been notified the previous day by the attorney for the appellants that neither Atkinson nor Butler had been served with summons of any proceeding to condemn the premises and requesting that no action be taken relating to their business pending an opportunity for them to be heard for purposes of ascertainment of damages sustained.

On February 16, 1961, Irving L. Butler and Willie Mae Atkinson filed a complaint in trespass in the circuit court of Cook County against the city of Chicago, the police superintendent, the county treasurer, the owner and the firm that managed the property, seeking damages of $250,-000 for the wrongful taking of their business. The complaint was dismissed on motion as to the owner, the police superintendent and the property manager, but the city's motions to dismiss and for summary judgment were overruled.

On March 16, 1961, the Chicago City Bank, as trustee, and defendant in the condemnation proceeding, filed a petition in the superior court condemnation proceeding against Butler and Atkinson, making them third party-defendants in that proceeding and requesting a finding that they were not entitled to share in the condemnation award. Summonses issued and were served. On April 18, 1961, consolidation of the trespass action with the superior court condemnation action was ordered by the circuit court.

The consolidated actions were tried together before a jury in the superior court commencing December 12, 1961, at which time Irving L. Butler had died. At the close of the evidence the trial judge directed a verdict in favor of the bank in the third party-defendant proceeding for lack of proof of any fair market value of the leasehold interest. In the trespass action the jury returned a verdict of $4,000 against the city of Chicago upon which judgment was entered.

From these judgments appellant, Willie Mae Atkinson, appeals directly to this court, on the ground that the judgments deprived her of adequate damages and just compensation.

To justify a direct appeal to this court appellant asserts that the validity of section 11 of article VI of the Liquor Control Act is in issue and further contends that consolida-

tion of the actions, certain rulings on evidence and instructions, and grossly inadequate damages denied appellant due process of law and equal protection of law.

None of the parties to this suit have objected to the jurisdiction of this court to hear this case on direct appeal. Appellee, city of Chicago, denies that any constitutional issues are raised but assumes that consolidation of the trespass action with the condemnation proceeding gives this court jurisdiction on direct appeal pursuant to the provisions of section 12 of the Eminent Domain Act, (Ill. Rev. Stat. 1961, chap. 47, par. 12,) which authorizes a direct appeal from condemnation judgments. Appellee Chicago City Bank & Trust Co. does not raise the issue of jurisdiction.

However, where jurisdiction of the subject matter does not exist, it cannot be conferred upon this court by consent of the parties or by their acquiescence. (*Sheridan-Brompton and Annex Bldg. Corp.* v. *Daane,* 348 Ill. 306; *Will* v. *Voliva,* 344 Ill. 510.) It will be necessary, therefore, that we examine the basis of jurisdiction for direct appeal to this court.

Validity of a statute is involved, so as to confer jurisdiction on the Supreme Court by direct appeal, only where its constitutionality was a matter of primary inquiry in the trial court. This court will not pass upon a statute unless its validity is necessarily involved in the case and a decision of the question is material to the determination of the issue raised. (*Moran* v. *Zoning Board of Appeals,* 11 Ill.2d 374; *Liberty Nat. Bank of Chicago* v. *Metrick,* 410 Ill. 429; *Jenisek* v. *Riggs,* 381 Ill. 290; *Shilvock* v. *Retirement Board,* 375 Ill. 68; *Sheridan-Brompton and Annex Bldg. Corp.* v. *Daane,* 348 Ill. 306.) The validity of the statute itself was not challenged in the complaint, raised in the answer, passed upon by the court, nor raised in the post-trial motion, and can not be questioned for the first time on appeal. *Uptown Nat. Bank of Chicago* v. *Puris,* 17 Ill.2d

547; *Leffler* v. *Browning*, 14 Ill.2d 225; *People ex rel. Christiansen* v. *Connell*, 2 Ill.2d 332; *Wennersten* v. *Sanitary District of Chicago*, 274 Ill. 189.

Appellant next maintains that certain rulings in the trial court denied her due process and equal protection of the laws, contending that appellant was prejudiced by (1) consolidation of the actions in the trial court, (2) restriction of cross-examination of a witness with regard to notes referred to by the witness prior to hearing to refresh his memory, (3) the giving of a certain instruction to the jury, and (4) grossly inadequate damages.

We do not feel that any of the foregoing matters present any substantial constitutional questions of due process or equal protection. All of these contentions relate to trial procedure. Errors which a trial court may make in its rulings do not create constitutional issues and are reviewable only on appeal to the Appellate Courts, (*Biggs* v. *Plebanek*, 407 Ill. 562; *People* v. *Jiras*, 340 Ill. 208.) The constitution does not guarantee that the court shall not commit error in the trial of causes, and it is not a guaranty against erroneous or unjust decisions by the courts which have jurisdiction of the parties and the subject matter. *In re Estate of Paus*, 385 Ill. 550.

There is no question of freehold involved. A leasehold estate is not a freehold such as to permit direct appeal to this court. (*Pierce* v. *Pierce*, 4 Ill.2d 497; *McArthur* v. *Weidert*, 375 Ill. 212; *Zimmermann* v. *Dawson*, 294 Ill. 380.) We also regard the city of Chicago's view that this case is properly before us by virtue of section 12 of the Eminent Domain Act to be without merit. We have held that section 12 relating to appeal to the Supreme Court is not applicable to a proceeding to determine conflicting claims in a money award paid to the county treasurer where no question is involved which would otherwise involve the appellate jurisdiction of this court. *Medical Center Commission* v. *Banks*, 413 Ill. 397.

The appellate jurisdiction of this court has not been properly invoked in this proceeding. Having no jurisdiction, we are compelled to transfer the cause to the Appellate Court for the First District.

*Cause transferred.*