(No. 38035.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD A. SMITH, Plaintiff in Error.

*Opinion filed May 20, 1964.*

R. EUGENE PINCHAM and CHARLES B. EVINS, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and WILLIAM J. MARTIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Culminating a bench trial in the criminal court of Cook County, the defendant, Edward A. Smith, was convicted of the crimes of armed robbery and attempted murder and sentenced to the penitentiary for concurrent terms of 5 to 20 years. On this direct appeal he contends that the trial court erred in refusing to order the People to produce a written report of a police officer who had participated in the investigation of the crimes, and that error was committed in various rulings on evidence.

The People have raised the question of our jurisdiction to entertain the appeal and, inasmuch as this court has only such jurisdiction as is conferred upon it by law, our first determination must be whether the appeal presents a question or questions arising under the State or Federal constitution. (See: Const. of Ill., art. VI, sec. 5, as amended January 1, 1964; Supreme Court rule 28—1, 28 Ill.2d xxviii.) None of the complaints relating to rulings on evidence are based upon constitutional grounds, thus the matter of our jurisdiction is made to depend on whether the refusal of the court to direct the production of a police report causes a constitutional question to arise. We think it clear that it does not.

As may be seen from *Gordon* v. *United States,* 344 U.S. 414, 97 L. ed. 447, *Jencks* v. *United States,* 353 U.S. 657, 1 L. ed. 2d 1103, and *Palermo* v. *United States,* 360 U.S. 343, 3 L. ed. 2d 1287, the rule requiring the prosecution to produce documents or statements for use by an accused for impeachment purposes does not stem from any constitutional command, but is merely a rule of procedure based upon what one court has described as a "right sense of justice." (*People* v. *Walsh,* 262 N.Y. 140.) In like manner, when this court first adopted the rule in *People* v. *Moses,* 11 Ill.2d 84, and later embraced the method of applying it and the limitations thereon employed by the Federal statute and courts, (see: *People* v. *Wolff,* 19 Ill.2d 318,) we did so not through the force of the Federal or State constitu-

tion, but from a desire to employ what "reason and experience" (*Gordon* v. *United States,* 344 U.S. 414, 419, 97 L. ed. 447, 454,) had demonstrated to be the better rule of practice. Accordingly, while there may be an indirect and remote question of fairness to the accused, the basic inquiry on this appeal is whether the trial court properly or improperly applied the rule of procedure under the particular circumstances of the case.

Although procedural mistake may or may not constitute reversible error, we have consistently held that questions of practice do not raise constitutional questions of due process, inasmuch as "Due process does not guarantee that the rules governing the manner in which a controversy is tried will be applied without error in every case." (*Mensik* v. *Smith,* 18 Ill.2d 572, 594.) Rather, all that is involved is whether the court erred in construing and applying the law or, in this case, a rule of procedure. *People* v. *Jiras,* 340 Ill. 208; *Biggs* v. *Plebanek,* 407 Ill. 562; *Compass Sales Corp.* v. *National Mineral Co.* 388 Ill. 281; *People* v. *Brown,* 415 Ill. 626; *People* v. *Knutson,* 12 Ill.2d 78.

Since the appeal involves no question arising under the constitution and no other ground which affords this court jurisdiction, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*