(No. 39528.—        )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* SAM DeSTEFANO, Appellant.

*Opinion filed September 23, 1966.*

ANNA R. LAVIN, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and PATRICK A. TUITE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Sam DeStefano, was tried by a jury in the circuit court of Cook County, and convicted of conspiring with others to cause perjury to be committed. He was fined $1,000 and sentenced to the penitentiary for a term of three to five years. He has prosecuted a direct appeal to this court contending: (1) that the indictment failed to charge a crime; (2) that the evidence was insufficient to convict; (3) that improper argument occurred; (4) that the jury was improperly instructed; (5) that the trial court erred in denying defendant's motion for a change of the place of trial; (6) that the court erred in denying defendant's motion to discharge the venire, and his further motion that he be granted extra peremptory challenges; and (7) that "the State failed to put defendant to trial within four months after his first demand for trial, without any fault on his part,in violation of Article 2, Section 9 of the Constitution, and Sec. 103—5" of the Code of Criminal Procedure. Ill. Rev. Stat. 1965, chap. 38, par. 103—5.

No effort has been made by defendant to assert or establish the basis upon which this court has jurisdiction to entertain a direct appeal. (See: Rule 28—1A, Ill. Rev. Stat. 1965, chap. 110, par. 101.28—1A.) Apparently our jurisdiction is intended to rest on the last claim asserted, the single contention which has been buttressed by constitutional citation. This court recently said: "As a practical matter the statute

operates to prevent the constitutional issue from arising except in cases involving prolonged delay, or novel issues such as were presented in *People* v. *Moriarity*, (1965) 33 Ill.2d 606, and *People* v. *Bryarly*, (1962) 23 Ill.2d 313. It does not follow, however, that the statutory requirement is the precise equivalent of the constitutional guaranty." (*People* v. *Stuckey*, 34 Ill.2d 521, 523.) This case does not present the unusual features which would elevate it to constitutional status.

The suggestions that defendant was denied a fair trial because the trial court denied his motion to change the place of trial and his motion to discharge the venire do not present a substantial constitutional question giving us jurisdiction. Both motions were directed to the sound discretion of the trial court and the only issue on appeal is the correctness of its rulings. An issue of this character raises no constitutional question. *Cf. People* v. *Smith*, 30 Ill.2d 622.

Since there are no issues raised which afford this court jurisdiction, the cause is transferred to the Appellate Court, First District.

*Cause transferred.*